UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA.

          Plaintiff,

  -v-

ALL ASSETS OF ASA DRUGS, INCLUDING
$207,644.00 IN UNITED STATES
CURRENCY ON DEPOSIT AT JP MORGAN        07 CV 3587
CHASE, IN ACCOUNT NUMBER                     (MGC)
****1 865;

ALL ASSETS OF NASH PHARMACY,
INCLUDING $1,492,892.00 IN UNITED STATES      NOTICE OF
CURRENCY ON DEPOSIT AT JP MORGAN        MOTION
CHASE, IN ACCOUNT NUMBER                   FOR STAY
****4 365;

ALL ASSETS OF STAY SLIM PHARMACY,
INCLUDING $128,534.00 IN UNITED STATES
CURRENCY ON DEPOSIT AT JP MORGAN
CHASE, IN ACCOUNT NUMBER
****6 065;

          Defendants-in-rem.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

    PLEASE TAKE NOTICE THAT, upon the annexed declaration of David E. Ruck, and upon all prior papers and proceedings in this case and in the criminal case *United States v. Muhammad Ejaz Ahmad, et. al*, 06 Cr. 1135 (JGK), claimant Muhammad Nawaz Ahmad, will move this Court, before the Honorable Miriam G. Cedarbaum, at the United States Courthouse, 500 Pearl Street, New York, New York, 10007, at a time and place to be set by the Court, for an order staying the civil forfeiture proceeding with respect to Muhammad Nawaz Ahamad, pursuant to 18 U.S.C. § 981(g)(2). Claimant's motion papers have been served this 25th day of June, 2007.

Dated: June 19, 2007
       New York, New York

_____
David E. Ruck
Attorney for MUHAMMAD NAWAZ AHMAD
270 Madison Avenue, Suite 1500
New York, New York 10016
(212) 349-5400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA.

        Plaintiff,

  -v-

ALL ASSETS OF ASA DRUGS, INCLUDING
$207,644.00 IN UNITED STATES
CURRENCY ON DEPOSIT AT JP MORGAN        07 CV 3587
CHASE, IN ACCOUNT NUMBER        (MGC)
****1 865;

ALL ASSETS OF NASH PHARMACY,
INCLUDING $1,492,892.00 IN UNITED STATES    DECLARATION IN
CURRENCY ON DEPOSIT AT JP MORGAN    SUPPORT OF
CHASE, IN ACCOUNT NUMBER    MOTION FOR
****4 365;    STAY

ALL ASSETS OF STAY SLIM PHARMACY,
INCLUDING $128,534.00 IN UNITED STATES
CURRENCY ON DEPOSIT AT JP MORGAN
CHASE, IN ACCOUNT NUMBER
****6 065;

        Defendants-in-rem.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

    DAVID E. RUCK, an attorney duly admitted to practice law in the Courts of this State and in this Court, under penalty of perjury, hereby declares:

1. I am counsel for claimant Muhammad Nawaz Ahmad. I also represent Mr. Ahmad in connection with criminal proceedings against him in *United States v. Muhammad Ejaz Ahmad, et. al*, 06 Cr. 1135 (JGK).

2. I am submitting this declaration in support of Mr. Ahmad's motion pursuant to 18 U.S.C. § 981(g)(2) to stay the civil forfeiture proceeding pending the final resolution of the criminal case on the ground that continuation of the forfeiture

1

proceeding will burden the right of Mr. Ahmad against self-incrimination in the related criminal case.

3. Mr. Ahmad was indicted on December 12, 2006, and charged with various offenses relating to his conduct in connection with two pharmacies of which he is the co-owner, ASA Drugs, Inc. and Stay Slim Pharmacy, Inc.-- conspiracy to pay illegal kickbacks in violation of 18 U.S.C. § 371, conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, and aggravated identity theft in violation of 18 U.S.C. § 1028A.

4. The indictment contained a criminal forfeiture allegation pursuant to 18 U.S.C. § 982(a)(7); the allegation charged that, as a result of committing these offenses, all property that constitutes or is derived from gross proceeds traceable to the commission of the offenses was forfeitable, and specifically identified the contents of the two Chase accounts held in the name of ASA Drugs and Stay Slim Pharmacy that are identified in the civil forfeiture complaint.

5. On February 9, 2007, the Government moved for a restraining order, pursuant to 21 U.S.C. § 853(c), with respect to the contents of the three bank accounts identified in the indictment. (While the contents of these bank accounts were frozen by JP Morgan Chase "at the Government's request" in September, 2006 (Letter of AUSA William Harrington to Judge Koeltl, dated May 4, 2007, in 06 Cr.1135), the Government did not seek judicial authorization for the seizure until February 9, 2007, when it moved for the restraining order.)

6. Mr. Ahmad submitted opposition to the application for the restraining order, (arguing, *inter alia*, that there was no probable cause to believe that the contents

of the ASA Drugs and Stay Slim Pharmacy accounts were traceable to proceeds of the charged offenses). Alternatively, Mr. Ahmad argued that he should be permitted to use the funds in the accounts for ordinary expenses and for the payment of taxes. He also moved for particulars regarding the specific amount allegedly subject to forfeiture.

7. On May 4, 2007, the Government withdrew its application for the post-indictment retraining order in the criminal case, filed a bill of particulars in which it asserted that it "does not intend to seek the criminal forfeiture of" the pharmacy bank accounts, and filed the instant *in rem* civil forfeiture complaint in which it identified "all assets" of the pharmacies including the above-referenced bank accounts. On May 7, 2007, the Government submitted a request to this Court for an "Arrest Warrant In Rem for the Defendant Property", asserting that the facts set forth in the Verified Complaint demonstrate probable cause to seize the bank accounts. (In a letter accompanying this application dated May 7, 2007, AUSA Christine Meding claimed that the Government had not yet seized the bank accounts that are the subject of this civil action; this claim contradicted the assertion made by AUSA William Harrington to Judge Koeltl three days earlier that the accounts had been frozen by the bank at the government's request in September, 2006, and justifying the seizure pursuant to 18 U.S.C. § 981(b)(2)(B)(ii) and *United States v. Daccarett*, 6 F.3d 37 (2d Cir. 1993)).

8. In the May 4, 2007 letter to Judge Koeltl in the criminal case explaining the Government's actions, AUSA William Harrington explained that "the forfeiture of the Pharmacy Accounts (and potentially, the pharmacies themselves) would be

3

more appropriately pursued as a civil forfeiture action, as opposed to a criminal forfeiture action" because (in addition to pursuing the forfeiture of the accounts as proceeds of the offenses alleged in the indictment), the government believed the accounts were forfeitable as "property involved in money laundering transactions." Though the Government advised that it might decide to supersede the indictment and add money-laundering charges, it explained that, "at the current time it believes that the money laundering aspect of the investigation is better suited to a civil money laundering forfeiture action, due to the dual ownership of the pharmacies and the Pharmacy Accounts." AUSA Harrington explained that the Stay Slim and ASA Drugs accounts were co-owned by Muhammad Nawaz Ahmad and Sobia Shaheen; Ms. Shaheen was not charged in the criminal case, and would have the opportunity to challenge the forfeiture and/or any restraint only in a civil forfeiture proceeding. (Letter of AUSA William Harrington to Judge Koeltl, dated May 4, 2007, p. 3)

9. At the same time, however, AUSA Harrington noted that "because the factual underpinning of the civil forfeiture case implicates some of the same facts and issues in the criminal case, the Government, the defendants, or Sobia Shaheen may seek a stay or a protective order in the civil forfeiture case pursuant to 18 U.S.C. § 981(g)". ((Letter of AUSA William Harrington to Judge Koeltl, dated May 4, 2007, in 06 Cr.1135, p. 3 n. 3)

10. AUSA Harrington anticipated the dilemma Mr. Ahmad now faces by virtue of the parallel civil forfeiture and criminal proceedings: a desire to answer the civil complaint, to testify in the civil case, and to litigate the civil case fully while at

4

the same time protecting his privilege against self-incrimination in the criminal case.

11. In *United States v. 4003-4005 5th Ave.*, 55 F.3d 78 (2d Cir. 1995), the Second Circuit recognized that, when there are ongoing criminal proceedings, civil forfeiture proceedings may raise troublesome legal issues -- particularly with respect to the Fifth Amendment privilege against self-incrimination. The Circuit instructed that, upon an appropriate motion, should make special efforts to accommodate both the constitutional privilege against self-incrimination as well as the legislative intent behind the forfeiture provision, and, in doing so, recognize that the government (the plaintiff in the civil action) is the party in control of the criminal proceedings.

12. While the Court noted that a district court is not required to stay the civil action while a claimant seeks to resolve a parallel criminal action or enter a protective order which would keep a claimant's testimony from being used in any other proceeding, it held, "Nevertheless, when a claimant validly invokes the Fifth Amendment and expeditiously seeks the court's help in protecting his interests, the court must explore the feasibility and fairness of accommodations of this sort." (55 F.3d at n.4)

13. Given the pending criminal prosecution based on the same alleged illegal behavior that allegedly supports the civil forfeiture, the still pending criminal forfeiture allegations, and the acknowledgement by the Government that the criminal indictment may yet be superceded to add money laundering charges, Mr. Ahmad has an acute interest in not incriminating himself through responsive

5

pleadings, participation in discovery or testifying at trial in the civil case.

WHEREFORE, Mr. Ahmad moves for an immediate stay of the civil forfeiture action pending resolution of the criminal prosecution in *United States v. Muhammad Ejaz Ahmad, et. al*, 06 Cr. 1135 (JGK).

June 9, 2007
New York, New York

David E. Ruck
Attorney for MUHAMMAD NAWAZ AHMAD
270 Madison Avenue, Suite 1500
New York, New York 10016
(212) 349-5400